UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

Case:2:09-cr-20304
Judge: Rosen, Gerald E
MJ: Scheer, Donald A
Filed: 07-08-2009 At 04:41 PM
SEALED MATTER (KB)

v.

XIANG DONG YU,
   aka Mike Yu,

Defendant.

VIOLATIONS:18 U.S.C. § 1832(a)(1),
(a)(2), (a)(4)(Theft of Trade Secrets);
18 U.S.C. § 1030(a)(4)(Unauthorized
Access To Protected Computer)

## INDICTMENT

THE GRAND JURY CHARGES:

### GENERAL ALLEGATIONS

At all times pertinent to this indictment:

1.   The Ford Motor Company ("Ford") is a company that designs, manufactures, and markets vehicles. Ford's corporate headquarters are located in Dearborn, Michigan. Ford distributes its products in interstate and foreign commerce to all areas of the United States, and all over the world.

2.   "System Design Specification" documents contain Ford trade secrets and set forth detailed performance requirements and associated verification testing methods, unique to Ford vehicles, for numerous aspects of the major components of Ford vehicles.

System Design Specification documents are created and maintained by Ford subject matter experts and are used by Ford design engineers and suppliers. Ford suppliers produce component parts that meet the performance requirements set forth in the System Design Specifications, ensuring that Ford quality is maintained and that Ford has uniform production standards worldwide. Ford design engineers, in developing a new vehicle model, ensure that the new model's component systems meet the requirements set forth in the System Design Specifications. Ford has spent millions of dollars and decades on research, development, and testing to develop, create, and continuously improve the requirements set forth in its System Design Specifications in order to ensure vehicle performance that meets customer satisfaction.

3. In light of the sensitivity and value of System Design Specifications, Ford took reasonable measures to protect and keep secret the information, including maintaining security features on Ford premises and with respect to electronic information, implementing and training employees on information security measures, requiring the execution of non-disclosure agreements by employees and suppliers, and marking documents according to Ford's information protection policies.

4. Defendant XIANG DONG YU was employed by Ford from approximately September, 1997 to January, 2007 as a Product Engineer. In that capacity, XIANG DONG YU had access to trade secrets owned by Ford Motor Company, including System Design Specifications.

5. On September 2, 1997, defendant XIANG DONG YU signed an "Employee Agreement" in which he agreed that he would not make any unauthorized disclosure of Ford proprietary information or retain copies of such information at the time his employment with Ford terminated.

6. On January 4, 2007, the last day of defendant XIANG DONG YU's employment with Ford, he was reminded of his obligation not to disclose Ford proprietary information or to retain or take copies of such information when he left Ford.

## COUNT ONE
### (ATTEMPTED THEFT OF TRADE SECRETS -- 18 U.S.C. §§ 1832(a)(2),(a)(4))

1. The General Allegations, paragraphs 1 through 6, are incorporated in this Count by reference.

2. In or around June, 2005, defendant XIANG DONG YU communicated with automotive companies located in China looking for new employment. Defendant XIANG DONG YU then traveled to China to meet with representatives of automotive companies for the purpose of securing new employment. Before leaving for his job search in China, Defendant XIANG DONG YU copied Ford Specific Design Specifications, at least one of which was unrelated to his Ford work, to an external hard drive and then took those documents to China with him in conjunction with his efforts to obtain employment with a Chinese automotive company.

3. On or about June 30, 2005, in the Eastern District of Michigan, Southern Division, defendant XIANG DONG YU, did knowingly attempt to deliver, communicate,

3

and convey without authorization the System Design Specification for Seat Systems document containing trade secrets belonging to Ford, related to and included in a product that is produced for and placed in interstate and foreign commerce, intending to convert such trade secrets to the economic benefit of someone other than Ford, and intending and knowing that the offense would injure Ford.

All in violation of 18 United States Code, Sections 1832(a)(2) and 1832(a)(4).

## COUNT TWO
### (THEFT OF TRADE SECRETS -- 18 U.S.C. §§ 1832(a)(1), (a)(4))

1.  The General Allegations, paragraphs 1 through 6, are incorporated in this Count by reference.

2.  In or around August, 2006, defendant XIANG DONG YU renewed his efforts to find a new job. On or about September 29, 2006, defendant XIANG DONG YU traveled to California for a job interview with Foxconn, PCE Industry, Inc. On or about November 29, 2006, Foxconn, PCE Industry, Inc. offered defendant XIANG DONG YU a new job, which he accepted in writing on December 11, 2006. Foxconn, PCE Industry, Inc. manufactures electronic and computer products, including automotive electronic products. In December 2006, defendant XIANG DONG YU copied over four thousand Ford propriety documents, including System Design Specification documents, from his Ford computer to an external hard drive. On December 20, 2006, defendant XIANG DONG YU traveled to Shenzhen, China, the manufacturing hub of Foxconn, PCE Industry, Inc., and defendant XIANG DONG YU's assigned work location for that

company. On January 2, 2007, defendant XIANG DONG YU emailed his Ford supervisor from China and informed him that he was leaving Ford's employ shortly after his return to the United States on January 5, 2007. On or about January 8, 2007, defendant XIANG DONG YU began working for Foxconn, PCE Industry, Inc. in Shenzhen, China.

3.  On or about December 14, 2006, in the Eastern District of Michigan, Southern Division, defendant XIANG DONG YU, did knowingly steal, and without authorization appropriate, take, and carry away trade secrets belonging to Ford, and attempted to do so, specifically the electronic documents listed below, related to and included in a product that is produced for and placed in interstate and foreign commerce, intending to convert such trade secrets to the economic benefit of someone other than Ford, and intending and knowing that the offense would injure Ford.

| SYSTEM DESIGN SPECIFICATION DOCUMENTS |
| --- |
| Engine/Transmission Mounting Subsystem |
| Front/Rear Side Door Structure |
| Outside Rear View Mirrors |
| Sliding Door |
| Steering Wheel Assembly |
| Instrument Panel & Console Subsystem |
| Sound and Heat Control (Body) |
| Interior Trim |
| Wipers and Washers Subsystem |

| |
|---|
| Body System |
| Liftgate SDS-Generic |
| Decklid SDS-Generic |

All in violation of 18 United States Code, Sections 1832(a)(1) and 1832(a)(4).

## COUNT THREE
### (THEFT OF TRADE SECRETS -- 18 U.S.C. §§ 1832(a)(1), (a)(4))

1.  The General Allegations, paragraphs 1 through 6, are incorporated in this Count by reference.

2.  On or about December 19, 2006, in the Eastern District of Michigan, Southern Division, defendant XIANG DONG YU, did knowingly steal, and without authorization appropriate, take, and carry away trade secrets belonging to Ford, and attempted to do so, specifically the electronic documents listed below, related to and included in a product that is produced for and placed in interstate and foreign commerce, intending to convert such trade secrets to the economic benefit of someone other than Ford, and intending and knowing that the offense would injure Ford.

| SYSTEM DESIGN SPECIFICATION DOCUMENTS |
|---|
| Electrical Distribution System |
| Electric Power Supply |
| Electrical Subsystem |
| Generic Body Module |

All in violation of 18 United States Code, Sections 1832(a)(1) and 1832(a)(4).

6

## COUNT FOUR
## (UNAUTHORIZED ACCESS TO PROTECTED COMPUTER -- 18 U.S.C. § 1030(a)(4))

1.  The General Allegations, paragraphs 1 through 6, are incorporated in this Count by reference.

2.  On or about December 15, 2006, in the Eastern District of Michigan, Southern Division, defendant XIANG DONG YU did knowingly, and with intent to defraud, access without authorization, and exceed authorized access, a protected computer belonging to Ford, and by means of such conduct, furthered the fraud and obtained something valued over $5,000, as set forth specifically below.

| SYSTEM DESIGN SPECIFICATION DOCUMENTS |
| --- |
| Electrical Distribution System |
| Electric Power Supply |
| Electrical Subsystem |

All in violation of 18 United States Code, Section 1030(a)(4).

## COUNT FIVE
## (THEFT OF TRADE SECRETS -- 18 U.S.C. §§ 1832(a)(1),(a)(4))

1.  The General Allegations, paragraphs 1, and 4 through 6, are incorporated in this Count by reference.

2.  In or around March 2008, while employed with Foxconn, PCE, Industry, Inc., defendant XIANG DONG YU made efforts to find new employment, including in the automotive industry in China. On March 13, 2008, defendant XIANG DONG YU

emailed a resume to Shanghai Automotive Industry Corporation (SAIC), a competitor of Ford. In or around April, 2008, the defendant took steps to use a document that he compiled from Ford proprietary documents, misappropriated at the time of his departure from Ford and containing Ford trade secret information, in his efforts to secure employment with SAIC. When those efforts proved unfruitful, defendant XIANG DONG YU accepted employment with the Beijing Automotive Corporation, a competitor of Ford.

      3.     Between on or about November 30, 2006 and January 4, 2007, in the Eastern District of Michigan, Southern Division, defendant XIANG DONG YU, did knowingly steal, and without authorization appropriate, take, and carry away trade secrets belonging to Ford, and attempted to do so, specifically the Ford trade secret information contained in a document electronically identified as "DFSS-SHANGHAI" and named "Design for Six Sigma (DFSS), Liftgate Design Quality," related to and included in a product that is produced for and placed in interstate and foreign commerce, intending to convert such trade secrets to the economic benefit of someone other than Ford, and intending and knowing that the offense would injure Ford.

All in violation of 18 United States Code, Sections 1832(a)(1) and 1832(a)(4).

THIS IS A TRUE BILL.

s/Grand Jury Foreperson
GRAND JURY FOREPERSON

TERRENCE BERG
UNITED STATES ATTORNEY

s/Cathleen M. Corken
CATHLEEN M. CORKEN
Assistant U.S. Attorney

Dated: July 8, 2009

| United States District Court<br>Eastern District of Michigan | Criminal Case Cover Sheet | Case Number |
|---|---|---|

Case: 2:09-cr-20304
Judge: Rosen, Gerald E
MJ: Scheer, Donald A
Filed: 07-08-2009 At 04:41 PM
SEALED MATTER (KB)

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to co...

**Companion Case Information**

This may be a companion case based upon LCrR 57.10 (b)(4)[1]:

☐ Yes   ☒ No

AUSA's Initials: CMC

**Case Title:** USA v. XIANG DONG YU aka MIKE YU

**County where offense occurred:** Wayne

**Check One:**   ☒ Felony   ☐ Misdemeanor   ☐ Petty

  __X__ Indictment/_____ Information --- **no** prior complaint.
  _____ Indictment/_____ Information --- based upon prior complaint [Case number:  ]
  _____ Indictment/_____ Information --- based upon LCrR 57.10 (d) *[Complete Superseding section below]*.

**Superseding Case Information:**

**Superseding to Case No:** _____   **Judge:** _____

☐ Original case was terminated; no additional charges or defendants.
☐ Corrects errors; no additional charges or defendants.
☐ Involves, for plea purposes, different charges or adds counts.
☐ Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|

**Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.**

July 8, 2009
Date

*(signature)* Cathleen M. Corken
CATHLEEN M. CORKEN
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226-3277
Phone: (313) 226-0206
Fax: (313) 226-3413
E-Mail address: cathleen.corken@usdoj.gov

---

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.

5/20/04